UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

March 26, 2014

MEMORANDUM TO PARTIES RE:     Stanley Johnson, Jr. v. Ellen W. Cosby
                                                              Civil Action No. GLR-14-423

Dear Parties:

      Appellant Stanley Johnson, Jr., proceeding pro se, has filed an appeal of the U.S. Bankruptcy Court's January 7, 2014 Order dismissing his Chapter 13 case and lifting the automatic stay imposed by 11 U.S.C. § 362(a) (2012).  (See ECF Nos. 1, 1-2 & 1-3).  Bankruptcy Rule 8006 requires an appellant to "file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within fourteen days of filing the notice of appeal.  Fed.R.Bankr.P. 8006.  The Court, having received Johnson's notice of appeal on February 12, 2014, without the Bankruptcy Rule 8006 documents, ordered Johnson to show cause why his appeal should not be dismissed for failure to comply with the rule.  (ECF No. 2).  To date, the Court has not received any correspondence from Johnson.

      Local Rule 404.2 permits the Court to dismiss an appeal for non-compliance with Bankruptcy Rule 8006 "after giving the appellant an opportunity to explain the non-compliance and upon considering whether the non-compliance had prejudicial effect on the other parties."  Moreover, the U.S. Court of Appeals for the Fourth Circuit held that, in determining whether to dismiss a bankruptcy appeal for a Rule 8006 violation, a district court must: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives."  In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992) (citing In re Orgain, 898 F.2d 146 (4th Cir. 1990) (unpublished table decision)); see also In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997) (noting all factors should be considered and the second factor alone is insufficient to dismiss an appeal).

      Johnson's actions in this case are nothing short of negligent.  The Court provided notice to Johnson of his deficient filing and provided him an opportunity to explain his failure to comply with Bankruptcy Rule 8006.  Since then, forty-two days have passed without any response from Johnson.  Johnson's failure to comply with Bankruptcy Rule 8006 and the Court's Order constitutes an unreasonable delay that prejudices the appellee in this matter. Although the Court recognizes that dismissal of a bankruptcy appeal for a procedural error is a harsh remedy that should not be imposed lightly, see In re Serra Builders, 970 F.2d at 1311, Johnson's continued failure to pursue this appeal warrants dismissal.

      Accordingly, Johnson's Notice of Appeal (ECF No. 1) is hereby DISMISSED.  Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.  The Clerk is also directed to mail a copy of this Order to Mr. Johnson at his address of record and CLOSE this case.

                Very truly yours,

                    /s/
                _____

                George L. Russell, III
                United States District Judge